UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ECF CASE**

-----------------------------------------------------------x

ALEX RODRIGUEZ,

                                Plaintiff

                -against-

COTY US LLC and ROBERT W. REINCKENS,

                              Defendants

-----------------------------------------------------------x

Complaint

Index No.

**05 CIV. 860**

Plaintiff ALEX RODRIGUEZ by his attorney Joel Field, Esq. as and for his

complaint against defendants COTY U.S. LLC and ROBERT W. REINCKENS

respectfully alleges as follows:

### JURISDICTION AND VENUE

FIRST: Plaintiff ALEX RODRIGUEZ ("Plaintiff") invokes the jurisdiction of the

Court as follows:

          a. With respect to his First, Second, and Third Claims for Relief against

defendant COTY U.S. LLC ("Coty U.S.") under and by virtue of 28 U.S.C. Sections

1331 and 1343 for the purpose of recovering damages, consisting of but not limited to

back pay as well as liquidated damages, costs of suit and attorney fees that were and

continue to be incurred as a result of Coty's violation of his rights under the Age

Discrimination in Employment Law of 1967 as amended, 29 U.S.C. Sections 621 et seq.

("ADEA");

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

b. With respect to his Fourth Claim for Relief as and against Coty U.S. under and by virtue of the doctrine of pendant jurisdiction and as and against the individual defendant ROBERT W. REINCKENS ("Reinckens") pursuant to 28 U.S.C. Section 1332 with respect to said individual defendant in the event that he is a citizen of a State other than the State of New York, where plaintiff is a citizen and in that the amount in dispute between plaintiff and Reinckens is of a sum in excess of Fifty Thousand ($50,000) Dollars excluding interest and pursuant to 28 U.S.C. Section 1367 (a) as amended with respect to Reinckens in the event that he is a citizen of the State of New York, where plaintiff is a citizen all for the purpose in the Fourth Claim for Relief of recovering damages consisting of but not limited to back pay as well as compensatory damages that result from Coty U.S.'s violation of plaintiff's rights under the Human Rights Law of the State of New York as amended, to wit: Section 290 et seq. of the Executive Law and Reinckens's aiding and abetting Coty US in the violation of plaintiff's rights under the aforesaid statute;

c. With respect to his Fifth Claim for Relief as and against Coty U.S. under and by virtue of the doctrine of pendant jurisdiction and as and against Reinckens pursuant to 28 U.S.C. Section 1332 with respect to said individual in the event he is a citizen of a State other than the State of New York, where plaintiff is a citizen, and in that the amount in dispute between plaintiff and Reinckens is of a sum in excess of Fifty Thousand ($50,000) Dollars excluding interest and pursuant to 28 U.S.C. Section 1367 (a) as amended with respect to said Reinckens in that he is a citizen of the State of New York where plaintiff is a citizen all for the purpose in the Fifth Claim for Relief of recovering damages consisting of, but not limited to back pay, as well as compensatory

and punitive damages and attorney fees that were and continue to be incurred as a result of Coty U.S.'s violation of plaintiff's rights under the New York City Human Rights Law, to wit: Administrative Code of the City of New York Section 8-101 et seq. and Reincken's aiding and abetting Coty U.S. in the violation of plaintiff's rights under the aforesaid statute.

d. With respect to his Sixth Claim for Relief as and against defendant Coty U.S. under and by virtue of 28 U.S.C. Sections 1331 and 1343 for the purpose of recovering the severance benefits due pursuant to the terms and provisions of the severance policy, an employee benefit plan as defined under the Employee Retirement Income Security Act of 1974 as amended ("ERISA") together with the statutory penalties, pre and post judgment interest and attorney fees and costs that were and continue to be incurred by him as a result of Coty's violation of his rights under ERISA, 29 U.S.C. Sections 1100 et seq.

SECOND: The acts committed by Coty U.S. and Reinckens (collectively "Defendants") pertaining to the violation of plaintiff's rights as hereinafter described and alleged, occurred within the Southern District of the State of New York, to wit: the State, City and County of New York where plaintiff resides and was employed by Coty U.S. as Manager, Information Technology from in and about August 1999 until his termination on or about February 4, 2004 and during which time Reinckens was plaintiff's supervisor. The venue of this action pursuant to Section 1391 of Title 28 U.S.C. therefore lies within the geographic area of the United States District Court for the Southern District of New York.

## THE PARTIES

THIRD: Plaintiff Alex Rodriguez, born October 16, 1951, is a fifty-three year old Hispanic male, employed by defendant Coty U.S. in New York City as its Manager of Information Technology from in and about August 1999, until terminated on or about February 4, 2004.

FOURTH: Upon information and belief defendant Coty U.S. LLC at the material times hereinafter alleged was and is a Delaware limited liability corporation engaged in the United States in the selling of fragrances, cosmetics and skin treatment products manufactured by its sole member, Coty Inc. Upon information and belief Coty U.S.'s principal offices, where plaintiff was employed, are located within the State, County and City of New York.

FIFTH: Upon information and belief and at the material times hereinafter alleged defendant Robert Reinckens who is several years younger than plaintiff was and is a resident of the State of New York and was and continues to be employed by Coty U.S. as its Vice President of Information Technology in which position he was plaintiff's immediate supervisor.

## FACTUAL AVERMENTS

SIXTH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FIFTH as though hereinafter fully set forth.

SEVENTH: Plaintiff, born October 16, 1951, at the material times hereinafter alleged was employed by Coty U.S. as its Manager of Information Technology ("IT"), having become so employed in and about August 1999, and continuing until terminated on or about February 9, 2004.

EIGHTH: Plaintiff when terminated was upon information and belief if not the oldest person employed in the corporate Information Technology Department then among the oldest, and the oldest employed in the department who worked from the corporate headquarters in New York City.

NINTH: Plaintiff's job duties included responsibility for Coty U.S.'s local area network, desktop PCs and applications for the New York corporate headquarters and its sales force.

TENTH: Plaintiff received several raises and bonuses and upon information and belief consistently performed satisfactorily his duties and responsibilities as illustrated when he provided shortly before his termination the assistance necessary for the installation and configuration of needed Coty U.S. points of sale equipment in new Wal Mart centers that others including IBM personnel had been unable to do.

ELEVENTH: Coty U.S.'s IT department at corporate headquarters at the material times hereinafter alleged included in addition to plaintiff and the three individuals that he supervised – a Systems Administrator, Senior Net Work Administrator and Systems Consultant, all of whom were substantially younger, the Manager of Applications Development, Neil Rohrbacker ("Rohrbacker") who upon information and belief is more than ten years younger than plaintiff and the three programmers, none of whom upon further information and belief is older than his or her early thirties, that he supervised.

5

TWELFTH: Upon information and belief Coty U.S. in recent years has had several internal restructurings where employees have been terminated. Upon further information and belief pursuant to corporate practice and policy in most if not all of the restructurings, the older employees involved have been terminated and the younger ones retained.

THIRTEENTH: Reinckens, plaintiff's immediate supervisor, has made age related remarks, for example observing that a long time female employee in her sixties had been around too long.

FOURTEENTH: In and about the middle of 2003, approximately six months before his termination, Reinckens relieved plaintiff of various responsibilities and duties, that were mostly, if not all, assigned to a much younger employee, Anthony Lapore ("Lapore").

FIFTEENTH: Plaintiff was terminated on or about February 4, 2004 and upon information and belief plaintiff's termination was at the instance and request of Reinckens.

SIXTEENTH: Upon information and belief plaintiff was not terminated because of job performance, misconduct or violation of company rules.

SEVENTEENTH: Plaintiff at the time of his termination received a Separation Agreement and Release ("Agreement") that had been executed by John Annunziata, the corporate Vice President for Human Resources. Plaintiff irrespective of his executing the Agreement would receive accrued unused vacation time as soon as practicable after his termination separation benefits of one week's pay for each full year of employment – or four weeks of separation benefits.

EIGHTEENTH: Plaintiff, in addition to his accrued unused vacation benefits and four weeks of separation benefits, was informed that if he executed the Agreement and among other things waived age claims, he would receive additional benefits of nine weeks salary which upon information and belief would be the same as two months salary.

NINETEENTH: Upon information and belief at the material times alleged herein Coty U.S. maintained and continues to maintain a severance pay policy ("Severance Plan"), constituting an employee welfare plan within the meaning of ERISA, designed to provide pay and benefits to employees whose employment is terminated for any reason other than voluntary resignation, job performance, misconduct or violation of company rules, or death or physical and/or a mental condition entitling one to sick pay, disability or worker compensation.

TWENTIETH: Upon information and belief plaintiff, neither a Vice President or Director, was entitled under the Severance Plan to severance benefits of a minimum of two months base pay. .

TWENTY-FIRST: Plaintiff believing that his age, if not the motivating, to have been a factor in his termination has and continues to refuse to execute the Agreement and thereby waive rights under ADEA and other Federal and State statutes barring employment discrimination.

TWENTY-SECOND: Coty U.S. as a result of plaintiff's refusal to execute the Agreement has not only denied him the benefits under the Severance Plan but in addition the Separation Payments that plaintiff had been informed he would receive irrespective of whether he executed the Agreement.

TWENTY-THIRD: Upon information and belief Coty U.S.'s refusal to pay plaintiff the four weeks Separation Benefits that it heretofore agreed to do is in retaliation for plaintiff's refusal to execute the Separation Agreement and instead to pursue his rights under ADEA and other statutes barring age discrimination.

### AS AND FOR A FIRST CLAIM FOR RELIEF AS AND AGAINST DEFENDANT COTY U.S. LLC

TWENTY-FOURTH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FIFTH and SEVENTH through TWENTY-THIRD as though hereinafter fully set forth.

TWENTY-FIFTH: Plaintiff on or about June 14, 2004, filed charges with the United States Equal Employment Opportunity Commission ("EEOC") charging that Coty U.S. had violated ADEA which in pertinent part provides as follows:

It shall be unlawful for an employer –

(1) to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's age.

TWENTY-SIXTH: Plaintiff was informed on or about November 1, 2004, that the EEOC had concluded its inquiry into his allegations of age discrimination and he had the right to institute litigation within ninety days thereof.

TWENTY-SEVENTH: This action has been instituted within ninety days of the receipt of the aforesaid notice of right to sue.

TWENTY-EIGHTH: Coty U.S.'s acts and conduct in terminating plaintiff's employment because of his age and/or age related reasons as heretofore alleged herein

8

comprised and continues to comprise acts of employment discrimination based upon age and as such violated and continues to violate ADEA.

TWENTY-NINTH: Coty US by terminating plaintiff's employment acted deliberately and willfully in that the termination was purposefully based upon plaintiff's age and/or age related reasons in violation of plaintiff's rights under ADEA.

THIRTIETH: Plaintiff as a result of the aforesaid acts of discrimination which resulted in his being terminated because of his age and/or age related reasons has and continues to suffer the effects of invidious age discrimination and has and continues to lose substantial earnings and other emoluments of employment as well as being forced to suffer and endure humiliation and embarrassment, all in an amount that cannot be presently calculated.

**AS AND FOR A SECOND CLAIM FOR
RELIEF AS AND AGAINST DEFENDANT
COTY U.S. LLC**

THIRTY-FIRST: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FIFTH and SEVENTH through TWENTY-THIRD and TWENTY-FIFTH through TWENTY-SEVENTH as though hereinafter fully set forth.

THIRTY-SECOND: Section 623 (d) of Title 29 of the United States Code in pertinent part provides that:

> It shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section or because such individual . . . has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or litigation under this chapter.

9

THIRTY-THIRD: Upon information and belief Coty U.S. has and continues to fail to pay plaintiff the promised Separation Benefits of four weeks salary that he was told would be paid irrespective of his execution of the Separation Agreement in retaliation to his determination to exercise his rights under ADEA and in so doing to protest his termination as comprising age discrimination.

THIRTY-FOURTH: Coty U.S.'s acts and conduct retaliating against plaintiff as heretofore described herein constituted and continues to constitute acts of employment discrimination based upon age and as such violated and continues to violate ADEA.

THIRTY-FIFTH: Coty U.S. by failing to pay plaintiff the promised Separation Benefits in retaliation for his protesting his termination as comprising age discrimination acted deliberately and willfully in that the retaliation was purposefully based upon plaintiff's exercise of his protected rights under ADEA.

THIRTY-SIXTH: Plaintiff as a result of the aforesaid act of retaliation which has resulted in his having been denied promised Separation Benefits because of his exercise of protected rights under ADEA has and continues to suffer because of his age the effects of invidious age discrimination and has and continues to lose emoluments of employment as well as being forced to suffer and endure humiliation and embarrassment all in an amount that cannot be presently calculated.

## AS AND FOR A THIRD CLAIM FOR
## RELIEF AS AND AGAINST DEFENDANT
## COTY U.S. LLC

THIRTY-SEVENTH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FIFTH, SEVENTH through TWENTY-THIRD and TWENTY-FIFTH through TWENTY-SEVENTH as though hereinafter fully set forth.

THIRTY-EIGHTH: Upon information and belief Coty U.S. has and continues to adhere to a policy requiring employees terminated for reasons other than voluntary resignation, job performance, misconduct or violation of company rules or death or a physical and/or mental condition entitling the individual to sick pay, disability or worker compensation in order to be eligible to receive benefits pursuant to its Severance Policy to execute releases and waivers that among other things compels the employee to waive his or her rights under ADEA.

THIRTY-NINTH:  Upon information and belief age protected employees like plaintiff though required to waive rights under ADEA in order to receive benefits under Coty U.S.'s Severance Policy do not receive any greater benefits under the Policy than non-age protected employees who do not possess any rights to waive under ADEA.

FORTIETH: Upon information and belief the Additional Benefits that Coty U.S. proposed to pay plaintiff if he executed the Agreement and waived his rights under ADEA– nine weeks or two months salary, were the minimum benefits that plaintiff was entitled to receive under the Severance Plan.

FORTY-FIRST: Section 626 (f) (1) (D) of Title 29 (ADEA) provides in pertinent part that:

An individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary, Except as provided in paragraph (2) a waiver may not be considered knowing and voluntary unless at a minimum

the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled.

FORTY-SECOND: Coty U.S.'s conduct as heretofore described requiring plaintiff to execute the release of rights protected under ADEA in consideration for receiving benefits under the Severance Policy that plaintiff was and continues to be entitled to receive as a terminated employee, is contrary to the Older Workers Protection Act and more particularly Section 626 (f) (1) (D) of Title 29.

FORTY-THIRD: Plaintiff as a result of Coty U.S.'s aforesaid conduct which has resulted in his being denied benefits under the Severance Policy in the form of Additional Payments in the amount of two months salary because of his refusal to waive his rights under ADEA has and continues to suffer the effects of invidious age discrimination and has and continues to lose emoluments of employment all in an amount that cannot be presently calculated.

## AS AND FOR A FOURTH CLAIM FOR RELIEF AS AND AGAINST DEFENDANTS COTY U.S. LLC AND ROBERT REINCKENS

FORTY-FOURTH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FIFTH, SEVENTH through TWENTY-THIRD THIRTY- THIRD and THIRTY-EIGHTH through FORTIETH as though hereinafter fully set forth.

FORTY-FIFTH: Section 296 (1) (a) of the Executive Law of the State of New York provides in pertinent part that:

> It shall be an unlawful discriminatory practice:
>
> For an employer . . . because of the age . . . of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

FORTY-SIXTH: Section 296 (1)(e) of the Executive Law of the State of New York provides in pertinent part that:

> It shall be an unlawful discriminatory practice:
>
> For any employer . . . to discharge . . . or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

FORTY-SEVENTH: Section 296(6) of the Executive Law of the State of New York provides in pertinent part that:

> It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article or to attempt to do so.

FORTY-EIGHTH: Coty U.S.'s acts and conduct as heretofore described terminating plaintiff's employment because of age and/or age related reasons and thereafter retaliating against him by denying the Separation Benefits that he was and continues to be entitle to receive because believing that he was terminated because of age and/or age related reasons he refused and continues to refuse to waive his rights under ADEA as well as the New York State Human Rights Laws comprised and continues to comprise acts of employment discrimination based upon age and as such

violated and continues to violate the New York State Human Rights Law, to wit: Section 296 (1) (a) and 1 (e) of the Executive Law.

FORTY-NINTH: Upon information and belief Reinckens's acts and conduct in causing plaintiff to be terminated aided and abetted Coty U.S. in violating Section 296 (1) (a) of the Executive Law of the State of New York.

FIFTIETH: Reinckens's acts and conduct as described herein with respect to the termination of plaintiff's employment with Coty U.S. violated Section 296 (6) of the New York State Executive Law in that the acts and conduct of said individual constituted the aiding and abetting of acts forbidden under the New York State Human Rights Law – to wit: Article 15 of the Executive Law – Section 290 et seq. of the Executive Law..

FIFTY-FIRST: Plaintiff as a result of the aforesaid acts of discrimination resulting in his termination because of his age and/or age related reasons as well as being retaliated against because of his refusal to waive his rights under ADEA and the New York State and City Human Rights Laws has and continues to suffer because of his age the effects of invidious age discrimination and has and continues to lose substantial earnings and other emoluments of employment as well as being forced to suffer and endure humiliation and embarrassment, all in an amount that cannot be presently calculated.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
## AS AND AGAINST DEFENDANTS
## COTY U.S. LLC AND ROBERT REINCKENS

FIFTY-SECOND: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FIFTH, SEVENTH through TWENTY-THIRD,

THIRTY- THIRD and THIRTY-EIGHTH through FORTIETH as though hereinafter fully set forth.

FIFTY-THIRD: Section 8-107 (1)(a) of the New York City Administrative Code provides in pertinent part that:

It shall be an unlawful discriminatory practice:

For an employer . . . because of the actual or perceived age . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

FIFTY-FOURTH: Section 8-107 (7) of the New York City Administrative Code provides in pertinent part that:

Retaliation. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (1) opposed any practice forbidden under this chapter . . .

FIFTY-FIFTH: Section 8-107 (6) of the New York City Administrative Code provides in pertinent part that:

Aiding and abetting. It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so.

FIFTY-SIXTH: Coty U.S.'s acts and conduct as heretofore described, terminating plaintiff's employment because of age and/or age related reasons and thereafter retaliating against him by denying the Separation Benefits that he was and continues to be entitle to receive because believing that he was terminated because of age and/or age related reasons he refused and continues to refuse to waive his rights under ADEA as well as the New York City Human Rights Laws comprised and continues to comprise

15

acts of employment discrimination based upon age and as such violated and continues to violate the New York City Human Rights Law, to wit: Sections 8-107 (1)(a) and 8-107 (7) of the New York City Administrative Code.

FIFTY-SEVENTH: Upon information and belief Reinckens's acts and conduct in causing plaintiff to be terminated aided and abetted Coty U.S. in violating Section 8-107 (1)(a) of the New York City Administrative Code.

FIFTY-EIGHTH: Reinckens's acts and conduct as described herein with respect to the termination of plaintiff's employment with Coty U.S. in violation of Section 8-107 (1)(a) of the New York City Administrative Code violated Section 8-107 (7) of the New York City Administrative Code in that the acts and conduct of said individual constituted the aiding and abetting of acts forbidden under the New York City Human Rights Law – to wit: Section 8-107 (1)(a) of the New York City Administrative Code.

FIFTY-NINTH: Plaintiff as a result of the aforesaid acts of discrimination resulting in his termination because of his age and/or age related reasons as well as being retaliated against because believing that he was terminated because of his age and/or age related reasons his refusal to waive his rights under ADEA and the New York City Human Rights Laws has and continues to suffer because of his age the effects of invidious age discrimination and has and continues to lose substantial earnings and other emoluments of employment as well as being forced to suffer and endure humiliation and embarrassment, all in an amount that cannot be presently calculated.

## AS AND FOR A SIXTH CLAIM FOR
## RELIEF AS AND AGAINST DEFENDANT
## COTY U.S. LLC

SIXTIETH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FIFTH and SEVENTH through TWENTY-THIRD as though hereinafter fully set forth.

SIXTY-FIRST: Coty U.S.'s denial of severance benefits to plaintiff of at least two months pay because of his refusal to execute the Agreement waiving his rights under ADEA and the New York State and New York City Laws against age discrimination was and is contrary to the Severance Plan in that it discriminates against age protected employees like plaintiff who unlike employee who are not age protected are required to waive their statutory rights under those laws in order to obtain severance benefits.

SIXTY-SECOND: Coty U.S.'s denial of plaintiff's claim for payment of severance benefits of at least two months pay pursuant to its Severance Plan entitles plaintiff to recover the severance benefits due to him and to enforce and clarify his rights pursuant to ERISA, 29 U.S.C. Section 1132 (1)(B).

SIXTY-THIRD: Coty's U.S.'s failure to pay plaintiff the severance benefits of at least two months pay that he is entitled to receive pursuant to its Severance Plan violated and continues to violate ERISA and plaintiff as a result thereof has been and continues to be damaged.

WHEREFORE, Plaintiff ALEX RODRIGUEZ prays that this Court finds under his First, Second and Third Claims for Relief that he has and continues to suffer from the conduct of and acts caused by defendant COTY U.S. LLC and its agents, servants and

employees all contrary to his rights under the Age Discrimination in Employment Law of 1967 as amended, 29 U.S.C. Sections 621 et seq.; that this Court further finds under his Fourth Claim for Relief that he has and continues to suffer from the conduct of and acts caused by defendants COTY U.S. LLC and its agents, servants and employees and ROBERT REINCKENS and his agents all contrary to his rights under the New York State Human Rights Law, Section 296 of the Executive Law; that this Court further finds under his Fifth Claim for Relief that he has and continues to suffer from the conduct of and acts caused by defendants COTY U.S. LLC and its agents, servants and employees and ROBERT REINCKENS and his agents all contrary to his rights under the New York City Human Rights Law, Section 8-107(1)(a) of the New York City Administrative Code; that this Court further finds under his Sixth Claim for Relief that he has and continues to suffer from the conduct of and acts caused by defendant Coty U.S. LLC and its agents servants and employees all contrary to his rights under the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. Sections 1100 et seq. and that this Court grant the following relief:

a. A money judgment award in favor of plaintiff ALEX RODRIGUEZ and against defendant COTY U.S. LLC under the Age Discrimination in Employment Act of 1967 as amended in an amount to be determined at trial for the pecuniary losses plaintiff has and continues to incur as a result of being discriminated against because of his age and in addition for being retaliated against because of his refusal to waive his statutory rights under ADEA, including, but not limited to, back pay and all other emoluments of his employment all computed with interest from on and about February 4, 2004, the date of his termination, to the date that he is unconditionally offered a position comparable to

or better than the position from which he was discriminatorily terminated together with such out of pocket expenses that have been incurred including but not limited to reasonable attorney fees;

     b. A money judgment award of liquidated damages under the Age Discrimination in Employment Act of 1967 as amended in favor of plaintiff ALEX RODRIGUEZ against defendant COTY U.S. LLC for an additional sum equal to the amount computed in accordance with subparagraph (a) hereof, all as provided by 29 U.S.C. Section 216(b), inasmuch as said defendant COTY U.S. LLC's violation of said Age Discrimination in Employment Act was willful.

     c. A money judgment award in favor of plaintiff  ALEX RODRIGUEZ and against  defendants COTY U.S. LLC and ROBERT REINCKENS  jointly and severally under the New York State Human Rights Law – Section 290 et seq. of the Executive Law of the State of New York in an amount to be determined at trial for the pecuniary losses, including but not limited to, back pay and other emoluments of employment computed with interest from the date of his termination, on and about February 4, 2004, to the date that he is unconditionally offered a position comparable to or better than the position from which he was discriminatorily terminated as well as compensatory damages also in an amount to be determined at trial for the mental distress, anguish, pain and suffering experienced by plaintiff as a result of the defendants' wrongful conduct as provided under the New York State Human Rights Law;

     d. A money judgment award in favor of plaintiff ALEX RODRIGUEZ and against  defendants COTY U.S. LLC and ROBERT REINCKENS jointly and severally under the New York City Human Rights Law – Section 8-101 et seq. of the New York

City Administrative Code in an amount to be determined at trial for the pecuniary losses, including but not limited to, back pay and other emoluments of employment computed with interest from the date of his termination, on and about February 4, 2004, to the date that he is unconditionally offered a position comparable to or better than the position from which he was discriminatorily terminated as well as compensatory damages also in an amount to be determined at trial for the mental distress, anguish, pain and suffering experienced by plaintiff as well as punitive damages and attorney fees all as a result of defendants' wrongful conduct and as provided under the New York City Human Rights Law;

e. A money judgment award in favor of plaintiff ALEX RODRIGUEZ and against defendant COTY U.S. LLC under the Employee Retirement Income Security Act of 1974 as amended in an amount to be determined at trial for the severance benefits he is entitled to receive pursuant to the terms and provisions of defendant COTY U.S. LLC'S Severance Plan, an employee benefit plan as defined under ERISA together with statutory penalties, pre and post judgment interest and such out of pocket expenses and attorney fees that have been incurred;

f. An allowance for the costs and disbursements plaintiff ALEX RODRIGUEZ incurred in the prosecution of this action including his reasonable attorney fees; and

g. Such other and further equitable and legal and affirmative relief as the Court may deemed to be just and proper in the circumstances.

JOEL FIELD, Esq.

Attorney for Plaintiff ALEX RODRIGUEZ
Westchester Financial Center
50 Main Street
White Plains, New York 10606
(914) 997-7400

Joel Field (JF-2158)

PLEASE TAKE NOTICE that Plaintiff ALEX RODRIGUEZ herewith demands

trial by jury of all issues so triable in this action.

Joel Field (JF-2158)

Dated: White Plains, New York
        January 24, 2005